IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING AND TRANSPORTATION, LLLP,<br><br>        PLAINTIFF,<br><br>  V.<br><br>LIMETREE BAY TERMINALS, LLC, D/B/A OCEAN POINT TERMINALS AND ALL OTHERS CLAIMING AN INTEREST IN ANY IMPROVEMENTS LOCATED ON ANY OF THE FOLLOWING PROPERTIES:<br><br>REFINERY PLOT 1-AB, (COMPRISING 6.8818 U.S. ACRES) AND REMAINDER OF REFINERY PLOT NO. 1 (COMPRISING 114.9456 U.S. ACRES), OVER PORTIONS OF ESTATES BLESSING AND HOPE, KING AND QUEEN QUARTERS, ST. CROIX, U.S. VIRGIN ISLANDS AS SHOWN ON OLG DRAWING NO. A9-L 40-C0 19, DATED MAY 24, 2019;<br><br>REMAINDER OF REFINERY PLOT NO. 2 (COMPRISING 26.5670 U.S. ACRES), OVER PORTIONS OF ESTATES BLESSING, HOPE AND JERUSALEM, KING AND QUEEN QUARTERS, ST. CROIX, U.S. VIRGIN ISLANDS AS SHOWN ON OLG DRAWING NO. A9-142-C019, DATED MAY 30, 2019; AND<br><br>REMAINDER OF REFINERY PLOT NO. 3 (COMPRISING 184.4305 U.S. ACRES), OVER PORTIONS OF ESTATES JERUSALEM, FIGTREE HILL AND CASTLE COAKLEY LAND, QUEEN QUARTER, ST. CROIX, U.S. VIRGIN ISLANDS AS SHOWN ON OLG DRAWING NO. A9-141-C019, DATED MAY 24, 2019.<br><br>        DEFENDANTS. | CASE NO. 1:24-CV-00004 |

**OPPOSITION TO MOTION TO TRANSFER**

1

Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") opposes Limetree Bay Terminals, LLC's, d/b/a Ocean Point Terminals' ("Ocean Point") motion to transfer this matter to the Bankruptcy Division of the Southern District of Texas for the following reasons:

1. Ocean Point's removal of the action was untimely such that this Court lacks jurisdiction;

2. This Court and the bankruptcy court for the Southern District of Texas lack bankruptcy jurisdiction over the matter;

3. This Court is required to abstain from the case;

4. Even if abstention is not mandatory, as a matter of sound exercise of the Court's discretion, it should abstain from the matter;

5. The Southern District of Texas is not a convenient forum.

## INTRODUCTION

Simultaneously with the filing of this opposition, Port Hamilton has filed a motion to remand this matter to the Superior Court of the Virgin Islands. That motion raises and argues the first four points listed above, which apply equally to both the motion to remand and this opposition to the motion to transfer. The motion to remand also provides the background of this dispute. Rather than burden the Court with duplicative filings, Port Hamilton incorporates the background and argument section of the memorandum in support of that motion here

## ARGUMENT

As noted, the first four points above are argued in Port Hamilton's motion to

remand and apply with equal force to Ocean Point's motion to transfer. They are incorporated by reference and will not be repeated here.

The fifth reason this Court should deny the motion to transfer is based upon Ocean Point's argument for transfer based upon 28 U.S.C. §§ 1412 and 1404(a) (convenience of the parties).

With respect to 28 U.S.C. § 1412, a court is authorized to transfer a case or proceeding "under title 11 [of the U.S. Code] to a district court for another district, "in the interests of justice or for the convenience of the parties." Section 1412 is inapplicable because Port Hamilton's quiet title action is not "under title 11." "A case is 'under' title 11 if it is the main bankruptcy case itself, and a proceeding is one that is 'under' the Bankruptcy Code if it asserts causes of action that are created by the Bankruptcy Code itself." *Multibank, Inc. v. Access Glob. Cap. LLC*, 594 B.R. 618, 622 (Bankr. S.D.N.Y. 2018) (denying motion to transfer of state court case that had been removed to the district court). As the court in *Multibank* observed in rejecting the argument—similar to that made by Ocean Point— that any case related to a bankruptcy case was subject to transfer under 28 U.S.C. § 1412,

> section 1412 does not apply generally to all bankruptcy-related cases and proceedings. For example, it does not say that a court may transfer any case or proceeding over which the court has jurisdiction under section 1334. Instead, section 1412 expressly applies to cases or proceedings "under" the Bankruptcy Code. Treating the statute as though the limiting language simply does not exist is not a proper way of interpreting the statute.

*Multibank*, 594 F.R. at 622.

Moreover, a transfer under section 1412 necessarily assumes that the bankruptcy court has jurisdiction. But as argued in Port Hamilton's motion to remand and incorporated here, the LBR bankruptcy court does not have any post-confirmation jurisdiction over this dispute.

Alternatively, Ocean Point seeks transfer under 29 U.S.C. § 1404(a). But Section 1404(a) only applies to a transfer to a district where the case might have originally been brought. Section 1404(a) may only be relied upon to transfer to another venue if the plaintiff "had an unqualified right to bring the claim in the transferee forum at the time of the commencement of the action." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). The general venue statute, 28 U.S.C. § 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

There was no basis for Port Hamilton to sue Ocean Point in the Southern District of Texas for an action against a company located in the Virgin Islands with no known relationship to Texas, seeking to quiet title to property in the Virgin Islands, by

4

another company located in the Virgin Islands with no relationship to Texas. Texas is not an appropriate forum under any three of the subsections of section 1391(b).

Even if transfer was available under 28 U.S.C. § 1404(a), a district court is vested with broad discretion in determining whether transfer of venue is appropriate. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). When deciding whether to transfer a case from one proper venue to another, the Court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed, and the interests of justice be better served, by transfer to a different forum." *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 n. 5 (3d Cir. 2001) (cleaned up). The Third Circuit has identified 12 factors that a court may consider in deciding whether to transfer venue under section 1404(a):

(1) plaintiff's choice of forum as manifested in the original choice;

(2) the defendant's preference;

(3) whether the claim arose elsewhere;

(4) the convenience of the parties as indicated by their relative physical and financial conditions;

(5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;

(6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum);

(7) the enforceability of the judgment;

(8) practical considerations that could make the trial easy, expeditious, or inexpensive;

(9) the relative administrative difficulty in the two fora resulting from court congestion;

(10) the local interest in deciding local controversies at home;

(11) the public policies of the fora; and

(12) the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80. A simple analysis demonstrates that these factors overwhelmingly favor the Virgin Islands as the appropriate forum:

|     | *Jumra* factor | Favors forum in |
| --- | --- | --- |
| (1) | plaintiff's choice of forum as manifested in the original choice; | V.I. |
| (2) | the defendant's preference; | TX |
| (3) | whether the claim arose elsewhere; | V.I. |
| (4) | the convenience of the parties as indicated by their relative physical and financial conditions; | V.I. |
| (5) | the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; | V.I. |
| (6) | the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum); | V.I. (especially records from the Recorder's Office |
| (7) | the enforceability of the judgment; | neutral |

6

| (8) | practical considerations that could make the trial easy, expeditious, or inexpensive; | V.I. |
|---|---|---|
| (9) | the relative administrative difficulty in the two fora resulting from court congestion; | neutral |
| (10) | the local interest in deciding local controversies at home; | V.I. |
| (11) | the public policies of the fora; and | V.I. |
| (12) | the familiarity of the trial judge with the applicable state law in diversity cases. | V.I. |

Texas has no connection with the above factors other than it is Ocean Point's preferred forum. The refinery is an important part of the Virgin Islands economy; the records and witnesses are located here (and none are located in Texas); Virgin Islands courts are better able to apply Virgin Islands law because of their familiarity with it (and imagine trying to explain to a Texas judge the recording process followed in the Recorder's Office). There is simply no reason to transfer this case to Texas—even if the case could have been brought there originally.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Port Hamilton's motion to remand, this Court should deny the motion to transfer.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: April 5, 2024

By: Andrew C. Simpson, Esq.

VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

8