## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING & TRANSPORTATION, LLLP, § § § § | |
| Plaintiff, § § | |
| vs. § | Case No. 1:24-cv-00004 |
| § | |
| LIMETREE BAY TERMINALS, LLC § *d/b/a* OCEAN POINT TERMINALS, § *et al.*, § § | **HEARING REQUESTED** |
| Defendants. § | |

### OCEAN POINT'S REPLY SUPPORTING MOTION TO TRANSFER VENUE

This proceeding belongs in Texas because the plaintiff, Port Hamilton, argues that a sale order entered by the United States Bankruptcy Court for the Southern District of Texas (the "**Home Court**") divested Ocean Point of its property interests.[1] The Home Court should construe its own order; venue transfer in similar situations is routine; Port Hamilton's opposing arguments fail.

Port Hamilton negotiated and agreed to the Sale Order and APA in the Home Court,[2] including the APA's mandatory forum-selection clause in favor of the Home Court and the Sale Order's language recognizing and preserving Ocean Point's undivided interest in the relevant property.[3] Port Hamilton doesn't dispute the forum-selection clause or that its claims – which repeatedly reference, quote, and rely upon the APA – fall within its scope. Instead, Port Hamilton

---

[1] *See* Dkt. 1-1, Ex. A-4 (First Amended Complaint), ¶¶ 7–22, 63–64, 146.

[2] Capitalized terms used but not defined in this reply have the meanings given to them in Ocean Point's motion to transfer venue (Dkt. 2) (the "***MTV***").

[3] *See* MTV, Ex. 2 (APA § 11.9) ("Purchaser and Sellers agree that the Bankruptcy Court shall retain ***sole*** jurisdiction over any legal action or proceeding with respect to this Agreement") (emphasis added); MTV Ex. 2 (Sale Order, ¶ 31) (permitting the Debtors to sell "any undivided interest of shared services systems owned by the Debtors" while both recognizing and forbidding the Debtors from selling "the LBT Entities' undivided interest of shared services systems").

1

tries to escape the forum-selection clause based on three unsupportable arguments.[4]  First – ignoring widespread precedent that proceedings such as this one can and should be transferred under 28 U.S.C. § 1412 for trial in the "home" bankruptcy court – Port Hamilton relies on a single out-of-Circuit case which is contrary to Third Circuit precedent Port Hamilton fails to acknowledge.  Second, Port Hamilton fails to recognize that, regardless of any dispute over § 1412, transfer is permitted and appropriate under 28 U.S.C. § 1404(a) because federal jurisdiction exists and Port Hamilton consented to the alternative forum.  Third, Port Hamilton relies on various "private-interest" venue factors which do not apply when a forum-selection clause controls.

## I.     This removed action can and should be transferred under 28 U.S.C. § 1412.

Ocean Point's MTV established that courts within the Third Circuit routinely follow the presumption that proceedings such as this one should be tried in the "home" court where the underlying bankruptcy case is pending.  MTV, pp. 4–5 (collecting cases).  More specifically, in a line of cases following *Maritime Electric Company, Inc. v. United Jersey Bank*, 959 F.2d 1194, 1212 (3d Cir. 1991), which Port Hamilton fails to acknowledge, courts in the Third Circuit have "consistently held that although Section 1412 speaks only of proceedings 'under' the Bankruptcy Code, it is also applicable for determining whether a proceeding 'related to' a bankruptcy case may be transferred."  *Tang v. Citic Cap. Holdings Ltd.*, No. CV 21-17008, 2022 WL 6036573, at *5, *9 (D.N.J. Oct. 7, 2022) (citing *Maritime* and several other cases in the Third Circuit) (internal quotation omitted) (relying on § 1412 to transfer proceeding so home court could interpret its own sale order); *see also Miller v. Chrysler Grp., LLC*, No. CIV.A. 12-760, 2012 WL 6093836, at *3,

---

[4] Contemporaneously with this Reply, Ocean has filed an opposition to Port Hamilton's motion to remand. Ocean Point incorporates by reference all factual and legal arguments from its opposition to Port Hamilton's motion to remand.  Those arguments fully rebut Port Hamilton's first four arguments against venue transfer. *See* Port Hamilton's Opposition to Motion to Transfer ("***Opp'n***"), p. 2 [Dkt. 10].  All that remains of the venue dispute is Port Hamilton's final argument: that "[t]he Southern District of Texas is not a convenient forum."  This argument fails for the reasons stated in the MTV and herein.

2

*7 (D.N.J. Dec. 7, 2012) (citing *Maritime Electric*, 959 F.2d at 1212) (holding that "[s]ection 1412 [] applies to . . . arising in or related to cases under title 11" and transferring under § 1412 so home court could interpret its own sale order).

Instead of citing extensive case law in the Third Circuit, Port Hamilton argues that § 1412 does not apply to "proceedings" "arising in" or "related to" a bankruptcy case (and instead only applies to main bankruptcy "case[s]" and proceedings "arising under" title 11) based on a single out-of-Circuit case. *See* Opp'n, p. 3. (citing *Multibank, Inc. v. Access Glob. Cap. LLC*, 594 B.R. 618, 622 (Bankr. S.D.N.Y. 2018)). But, as other courts in *Multibank*'s own District since have recognized, "the Third Circuit has wholesale adopted" a different rule permitting the transfer of proceedings other than those strictly "arising under" a bankruptcy case under § 1412. *See, e.g.*, *Tilton v. MBIA Inc.*, 620 B.R. 707, 718 n.3 (S.D.N.Y. 2020) (citing *O'Brien v. Gladstone*, 2014 WL 2965948, at *3 (D.N.J. July 1, 2014)). Accordingly, § 1412 applies.

**II. Transfer under 28 U.S.C. § 1404(a) also is proper.**

Even if the Court could not transfer this proceeding under § 1412, it could do so under § 1404(a). Port Hamilton erroneously resists § 1404(a) by arguing that it did not have an "'an unqualified right'" to bring its action to quiet title in the Home Court. Opp'n, p. 4 (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970)). Port Hamilton is wrong because its "quiet title" action seeks an interpretation of the free-and-clear clauses in the Home Court's Sale Order – which Port Hamilton easily could have (and should have) sought from the Home Court. Indeed, the Home Court is "a judicial district in which a substantial part of the events or omissions giving rise to the claim [*i.e.*, negotiation and entry of the Sale Order and APA] occurred" for purposes of 28 U.S.C. § 1391(b)(2) and thus a "district or division where [this proceeding] might have been brought" under 28 U.S.C. § 1404(a).

3

Port Hamilton also omits from its brief the last portion of § 1404(a), which independently supports transfer. The entirety of Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ***or division to which all parties have consented.***

28 U.S.C. § 1404(a) (emphasis added). The Home Court has subject-matter jurisdiction for the reasons stated in Ocean Point's contemporaneous opposition to Port Hamilton's motion to remand, and Port Hamilton has consented to exclusive venue in the Home Court.[5] So § 1404(a) equally supports transfer for the reasons stated in the MTV.

### III.  The applicable venue factors weigh in favor of transfer.

Without disputing the forum-selection clause or its enforceability, and disregarding the Supreme Court's holding that only "public interest" venue factors are relevant when there is a forum-selection clause,[6] Port Hamilton inexplicably relies on irrelevant "private interest" venue factors courts consider in the absence of a forum-selection clause. Opp'n, pp. 5–7. The relevant "public interest" factors are:

> [1] the enforceability of the judgment; [2] the relative administrative difficulty in the two fora resulting from court congestion; [3] the local interest in deciding local controversies at home; [4] the public policies of the fora; and [5] the familiarity of the trial judge with the applicable state law in diversity cases.

---

[5] The Home Court also has personal jurisdiction because Ocean Point and Port Hamilton both consented to it. *Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561, 570–72 (S.D. Tex. 2020); *see also* MTV, Ex. 2 (APA § 11.9) ("Each of Purchaser and Sellers irrevocably waives any objection, including any objection to the laying of venue or based on the grounds of *forum non conveniens*, which it may now or hereafter have to the bringing of any action or proceeding in [the Home Court] in respect of this Agreement or the transactions contemplated hereby. Purchaser and Sellers **consent to the jurisdiction** and authority of the [Home] Court, including, without limitation, to the entry of final orders, decrees and judgments with respect to any matters arising under or relating to this Agreement or the transaction(s) contemplated hereby.") (emphasis added).

[6] *See* MTV, pp. 10–11 (discussing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49 (2013) and the "public interest" factors).

4

*Virgin Islands Water & Power Auth. v. APR Energy PLC*, 2022 WL 6736259, at *4 (D.V.I. Oct. 11, 2022). Port Hamilton, the party opposing transfer, was required to prove that the public interest factors "overwhelmingly disfavor a transfer." *See Atl. Marine*, 571 U.S. at 63–64. It did not.

Port Hamilton fails to overcome the "home court" presumption with its unpersuasive arguments as to "local interest" and "familiarity with applicable state law," and merely offered conclusory statements regarding the other factors.[7] *See* Opp'n, pp. 6–7. Port Hamilton's argument as to the local interest of the Virgin Islands fails because (1) the Home Court has a strong local interest in construing its order, *Am. Inst. Partners, LLC v. Fairstar Res. Ltd.*, 2011 WL 1230074, at *15 (D. Del. Mar. 31, 2011), and (2) courts in this jurisdiction have ordered transfer even where a *public utility* – not a private employer – was bound by a forum-selection clause, *see Virgin Islands Water & Power Auth.*, 2022 WL 6736259, at *6–7. Concerning applicable state and territorial law: (1) the APA is governed by Texas law (favoring transfer), APA § 11.8, and (2) the Home Court does not need to address territorial law because (a) it already found, based on language negotiated among the parties in the Home Court, that Ocean Point had an interest in the property at issue in Paragraph 31 of the Sale Order, and (b) as Ocean Point explains in its contemporaneous opposition to remand, a prior sale order in the HOVENSA, L.L.C. bankruptcy case already determined as a matter of federal bankruptcy law that Ocean Point validly acquired the property interests Port Hamilton belatedly tries to dispute under Virgin Islands territorial law.[8] Ultimately, Port Hamilton cannot overcome the "home court" presumption or the forum-selection clause, and this case should be transferred to the U.S. Bankruptcy Court for the Southern District of Texas.

---

[7] These arguments did not respond to or outweigh Ocean Point's arguments. *See* MTV, pp. 11–13 (average disposition times in each court favor transfer; enforceability of judgments in either jurisdiction is neutral; public policy is neutral).

[8] *See* Dkt. 12, pp. 17–19.

5

                                        Respectfully submitted,

                                        **REED SMITH LLP**

Dated: April 19, 2024         By:    */s/ Mark W. Eckard*
                                                  Mark W. Eckard (1051)
                                                  1201 N. Market Street, Suite 1500
                                                  Wilmington, DE 19801
                                                  Telephone: (302) 778-7546
                                                  Facsimile: (302) 778-7575
                                                  Email: MEckard@ReedSmith.com

                                                  Counsel to Limetree Bay Terminals, LLC *d/b/a*
                                                  Ocean Point Terminals