IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

PORT HAMILTON REFINING AND
TRANSPORTATION, LLLP,

PLAINTIFF,

V.

LIMETREE BAY TERMINALS, LLC,

DEFENDANT.

CASE NO. 1:24-CV-00004

PORT HAMILTON'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS COUNTERCLAIM

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court definitively interpreted the requirement in Fed. R. Civ. P. 8(a)(2) that every pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief" and held that pleadings must allege "enough facts to state a claim to relief that is plausible on its face." Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals' ("Ocean Point") counterclaim in this matter is long on conclusory statements and short on factual allegations. Further, Ocean Point fails to allege facts sufficient to show that it has standing to pursue the counterclaim. Consequently, Port Hamilton Refining and Transportation, LLC ("Port Hamilton") moves to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6).

### STANDARD FOR ASSESSING A COUNTERCLAIM UNDER *TWOMBLY*

The Supreme Court established the "plausibility" standard for overcoming a motion to dismiss in *Twombly*, 550 U.S. 544 (2007) and expounded upon it in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under the plausibility standard, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The factual pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A counterclaim, "like all pleadings, must conform to the pleading requirements of *Twombly* and *Iqbal*." *GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019).

The Third Circuit has established the manner in which a district court must determine the sufficiency of a complaint (or counterclaim) under the plausibility standard:

1. identify the elements a plaintiff must plead to state a claim;

2. identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth"; and

3. "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

"The second step involves reviewing the complaint and disregarding any 'formulaic recitation of the elements of a . . . claim or other legal conclusion,' as well as allegations that are 'so threadbare or speculative that they fail to cross the line between the conclusory and the factual.'" *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327–28 (3d Cir. 2022) (cleaned up).

## ANALYSIS

A brief review of Ocean Point's counterclaim demonstrates that it does not conform to the pleading requirements of the Federal Rules.

### COUNTERCLAIM ¶ 1

Paragraph 1 of the counterclaim, which incorporates all 153 of Ocean Point's responses to the First Amended Complaint, is a classic "shotgun pleading." *See Williams v. Flat Cay Mgmt., LLC*, Case No. 3:22-CV-0002, 2023 WL 2563193, at *15 (D.V.I. Mar. 17, 2023) (describing a shotgun pleading as "a complaint that, in each count, incorporates all the preceding paragraphs of the complaint, making it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief") (cleaned up); *see also Mardenborough v. McCollum*, Case No. CV 2014-82, 2018 WL 3245047, at *3 (D.V.I. July 3, 2018) (noting that "the wholesale adoption of almost the entire Complaint" in support of Count II was shotgun pleading and made it "unclear which allegations support Count II"). "Shotgun pleadings violate Rule 8 . . . by 'fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Vibe Micro v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018).

3

**COUNTERCLAIM ¶¶ 2–3**

Paragraphs 2 and 3 of the counterclaim are simple enough allegations that Port Hamilton is able to discern what Ocean Point is alleging, even though the two paragraphs rely upon the incorporation of Paragraphs 1–153 from paragraph 1 of the counterclaim. Thus, Port Hamilton does not challenge the sufficiency of the allegations in Paragraphs 2 and 3.

**COUNTERCLAIM ¶ 4**

Paragraph 4, however, is entirely conclusory. It alleges that, "[t]o the extent necessary, Ocean Point is a third-party beneficiary of the APA." There are no facts alleged that put any meat on this bare-bone allegation (or even to describe what "to the extent necessary" refers to). Although Ocean Point claims that Texas law governs, *see* Counterclaim, ¶12, Ocean Point includes no factual allegations that make it plausible that it meets the requirements for establishing third-party beneficiary status under Texas law.

Under Texas law, "[a] third party may recover on a contract made between other parties only if the parties intended to secure a benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit." *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). In Texas, there is a "presumption against third-party beneficiary agreements." *Tawes v. Barnes*, 430 S.W.3d 419, 425 (Tex. 2011). Texas courts do not grant third-party beneficiary status "in the absence of a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party . . . ." *Id.*

The hostility to third-party beneficiary contracts is shown by the fact that Texas courts "will not create a third-party beneficiary contract by implication." *MCI Telecomm. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999). At the end of the day, "[t]he intent of the contracting parties is controlling. If there is any reasonable doubt as to the contracting parties' intent to confer a direct benefit on the third party by way of the contract, the third-party beneficiary claim must fail." *Ortega v. City Nat. Bank*, 97 S.W.3d 765, 773 (Tex. App. 2003) (citation omitted).

"A third party does not have a right to enforce the contract if she received only an incidental benefit." *Stine v. Stewart*, 80 S.W.3d at 589. For example, in *Brown v. Fullenweider*, 52 S.W.3d 169, 170 (Tex. 2001) an agreement incident to a divorce allocated responsibility for attorney's fees; but this incidental allocation did not give the attorney a right of action under the agreement to collect his attorney's fees.

The allegations of the Counterclaim include none of the elements required to achieve third-party beneficiary status under Texas law. Nor do they address the fact that paragraph 11.4 of the APA includes a statement emphasizing that the APA is not intended to create any third-party beneficiaries:

> Nothing in this Agreement, express or implied, shall confer on any Person other than the Parties hereto, and their respective successors and permitted assigns any rights, remedies, obligations or liabilities under or by reason of this Agreement, *including, without limitation, third party beneficiary rights.*

(Emphasis added.)[1] Given this clear statement in the APA, it is incumbent upon Ocean

Point to plead facts, rather than a conclusory statement, that would plausibly suggest

that it is an intended third-party beneficiary notwithstanding the anti-third-party

beneficiary language in the contract and the presumption against third-party

beneficiary status under Texas law.

**COUNTERCLAIM ¶5**

Paragraph 5 of the counterclaim is yet another conclusory allegation:

> Alternatively, even if the Court concludes that Ocean Point
> is not a third-party beneficiary of the APA, Ocean Point may
> still enforce the forum-selection clause in the APA under the
> intertwined-claims doctrine, equitable estoppel, and other
> applicable law allowing non-signatories to enforce
> forum-selection clauses.

Here again, Ocean Point has jumped to the conclusion it seeks without alleging

facts that would show, for example, that the "intertwined-claims doctrine" plausibly

applies in this case.

The intertwined claims doctrine is a variation of equitable estoppel. *Zinante v.*

*Drive Elec., L.L.C.*, 582 F. App'x 368, 370 (5th Cir. 2014). It may apply "when a

nonsignatory defendant has a 'close relationship' to one of the contracts signatories and

the claims are 'intimately founded in and intertwined with the underlying contract

---

[1] The Asset Purchase Agreement is Exhibit E to Port Hamilton's First Amended
Complaint and is a part of the record as Doc. No. 1-2, starting at ECF p.6. Paragraph
11.4 is found at ECF p.41. A court may consider documents attached to a complaint as
well as undisputedly authentic documents when considering a Rule 12(b)(6) motion
without converting the motion to a motion for summary judgment. *See generally*
*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.
1993)

obligations.'" *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 194 (Tex. 2007) (quoting *Thomson–CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir.1995) (internal citations omitted)). The "close relationship" requirement is "generally limited" to "instances of strategic pleading by a signatory who, in lieu of suing the other [signatory] party for breach, instead sues that party's nonsignatory principals or agents for pulling the strings." *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d at 194 (footnote collecting cases where a nonsignatory is sued to avoid an arbitration clause that would apply if the closely-related signatory was sued omitted). In other words, when a plaintiff sues a proxy defendant to avoid arbitration or forum selection clauses applicable to the other signatory on the contract, the intertwined doctrine will apply to allow the proxy defendant to invoke those clauses even though it is a non-signatory to the contract. *See also E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 199–200 (3d Cir. 2001) (arbitration clause); *Bahamas Sales Associate, LLC v. Byers*, 701 F.3d 1335, 1343 (11th Cir. 2012) (holding non-signatory could not enforce forum selection clause). The missing links in Ocean Point's allegation from a Rule 8 perspective are the lack of allegations (1) of a close relationship with one of the signatories to the APA and (2) that Ocean Point was sued strategically to avoid a clause in the APA that is applicable to a signatory that is closely related to Ocean Point.

Here, Ocean Point makes no allegation of a close-relationship with any signatory to the APA that would allow it to take advantage of the intertwined-claims doctrine.

Because Ocean Point has not pled facts that plausibly support the application of the intertwined-claims doctrine, Paragraph 5 of the counterclaim fails the *Twombly* test.

### COUNTERCLAIM ¶¶ 6–8

Paragraphs 6–8 of the counterclaim are also acceptable in that Port Hamilton can reasonably ascertain what is alleged against it in those paragraphs.

### COUNTERCLAIM ¶ 9

Paragraph 9 conclusorily asserts that Port Hamilton's claims in the First Amended Complaint are "with respect to" the APA; but Ocean Point fails to include any factual allegations that show the basis for this conclusion. This is particularly critical given that Port Hamilton is *not* suing under the APA.  The fundamental basis for Port Hamilton's First Amended Complaint is that Ocean Point *never* acquired title to the assets that are in dispute and thus the APA provision preserving rights Ocean Point *might* have is irrelevant.

The failure of title dates back to 2016 when Ocean Point first structured the transaction for the purchase of the assets out of the HOVENSA bankruptcy—long before the Limetree Bay Refining ("LBR") bankruptcy and long before the December 2021 APA. Port Hamilton alleges that in 2016, Ocean Point and HOVENSA failed to comply with the requirements of Virgin Islands law relating to the formalities for transfer of real property and also failed to follow the requirements of the Virgin Islands Condominium Act when they attempted to create a horizontal property regime relating to Above-Grade Refinery Assets ("AGRA"). As a result, ownership of the AGRA *never* transferred from HOVENSA to Ocean Point.  The APA from the LBR bankruptcy—the

APA that Ocean Point relies upon in its counterclaim—merely preserved certain of Ocean Point's ownership rights. But, it only preserved rights that Ocean Point previously possessed. The APA did not *create* ownership rights in favor of Ocean Point (nor could it). Thus, while PHRT references the APA in its First Amended Complaint to show what it purchased, the substance of PHRT's complaint involves complex issues of territorial law independent of the APA—and predating the APA by four years. At the pleading stage, it is incumbent upon Ocean Point to allege facts that plausibly show that the First Amended Complaint is "with respect to" the APA. Ocean Point's counterclaim contains no such allegations and thus Paragraph 9 is deficient.

## COUNTERCLAIM ¶10

Paragraph 10, which merely alleges that Port Hamilton breached the forum selection clause in the APA , also fails because it is a conclusory pleading and there are no allegations in the counterclaim plausibly establishing that Ocean Point is a third-party beneficiary or otherwise may rely upon the forum selection clause.

## COUNTERCLAIM ¶¶11–12

Paragraphs 11 and 12 of the counterclaim state Ocean Point's claim for damages. These paragraphs appear to comply with Rule 8.

## CONCLUSION

When Paragraphs 1, 4, 5, 9 and 10 of the counterclaim are disregarded in accordance with *Twombly*, there is nothing of substance remaining to the counterclaim. Further, the allowable allegations of the counterclaim fail to establish that Ocean Point has standing to enforce the forum selection clause in the APA. For all of the

foregoing reasons, Ocean Point's counterclaim should be dismissed for failure to state

a claim under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: May 30, 2024

/s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com