IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING AND TRANSPORTATION, LLLP,<br><br>PLAINTIFF,<br><br>V.<br><br>LIMETREE BAY TERMINALS, LLC,<br><br>DEFENDANT. | CASE NO. 1:24-CV-00004 |

**PORT HAMILTON'S REPLY TO OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM**

Perhaps—and it is by no means certain—if some of the facts Ocean Point[1] argues in its opposition to Port Hamilton's[2] motion to dismiss were incorporated into an amended counterclaim, Ocean Point might have a counterclaim that could withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See, e.g.*, *Pk Studios, Inc. v. R.L.R. Investments, LLC*, Case No. 2:15-CV-389, 2016 WL 6893935, at *2 (M.D. Fla. Nov. 23, 2016) (stating that "the defendant must specify—in the counterclaim complaint, not in a response opposing dismissal—which factual allegations support each counterclaim"). Without an amendment, the counterclaim must be dismissed.

A. THE COUNTERCLAIM IS A CLASSIC SHOTGUN PLEADING

> Shotgun pleadings share two characteristics: First, they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them

---

[1] Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals

[2] Port Hamilton Refining and Transportation, LLLP

1

> *and the grounds upon which each claim rests.* Second, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.

*Sullenberger v. City of Coral Gables*, Case No. 22-CV-21830, 2024 WL 262530, at *6 (S.D. Fla. Jan. 24, 2024) (emphasis added).

Ocean Point's opposition memorandum describes what shotgun pleadings "usually" are as if to suggest that they cannot be classified as shotgun pleadings if they do not include *all* of the deficiencies courts have identified as commonly found in shotgun pleadings. That is not the case. For example, in *Bless v. Dixon*, Case No. 24-80636-CIV, 2024 WL 3225593, at *2 (S.D. Fla. May 22, 2024), the plaintiff segmented his complaint to address each defendant individually, but his pleading was still "a quintessential shotgun pleading "because the allegations made "it difficult, if not impossible, to precisely determine what claims Plaintiff intends to advance." *Id.* The case law makes it clear that there are many deficiencies in pleading that make a pleading a shotgun pleading and any one deficiency is sufficient to render the pleading improper. Thus, a shotgun pleading

(1) contains multiple counts where each count adopts the allegations of all preceding counts;

(2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) fails to separate into a different count each cause of action; *or*

(4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). And that

list is not all-inclusive.

Here, Ocean Point's counterclaim fails items 1 and 2 above. By incorporating by reference *all 153* of its *responses* to Port Hamilton's amended complaint, it has failed to give Port Hamilton notice of the grounds upon which its claim rests. For example, consider Ocean Point's response to paragraph 22 of the First Amended Complaint in the context of Ocean Point's counterclaim, which is ostensibly a breach of contract claim:

> 22. Port Hamilton completed the purchase of LBR's assets in accordance with the APA on January 19, 2022 and received a quitclaim deed from LBR for *inter alia*, Refinery Plot 1-AB, and the Remainders of Refinery Plot Nos. 1, 2 and 3.
>
> **ANSWER TO PARAGRAPH 22:**
>
> Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the FAC pertaining to Port Hamilton's completion of the purchase of LBR's assets in accordance with the APA, which is therefore denied. Ocean Point admits that on January 19, 2022, a quitclaim deed was executed from LBR to Port Hamilton, and avers that the quitclaim deed speaks for itself and is the best evidence of its contents.

Port Hamilton's completion of the purchase of LBR's assets, and Ocean Point's lack of knowledge of same, does not appear to have any bearing upon the breach of contract claim.

Ocean Point even incorporated its denials of allegations:

> 32. There was nothing in the chain of title for Refinery Plot 1-AB, and the Remainders of Refinery Plot Nos. 1, 2 and 3 that indicated that Ocean Point claimed any ownership interest in any of these plots or the improvements thereon.
>
> ANSWER TO PARAGRAPH 32:
>
> Denied.

How does incorporating the denial of an allegation support Ocean Point's counterclaim?

Now consider that Ocean Point incorporated 153 such paragraphs by reference—"It is not the Court's job to search the complaint for facts that might support a particular claim for relief. 'Judges are not like pigs, hunting for truffles buried in complaints [or counterclaims].' *Nor, for that matter, is opposing counsel expected to sift through factual allegations like a prospector panning for gold.*" *In re Auto Body Shop Antitrust Litig.*, No. 6:14–CV–6006–ORL–31, 2015 WL 4887882, at *31 (M.D. Fla. June 3, 2015) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) (emphasis added).

Ocean Point describes its counterclaim as "straightforward." Ocean Point Mem. in Opp. at 4. There is nothing straightforward about a counterclaim that, in scattered grapeshot fashion, incorporates of everything in Ocean Point's answer versus setting forth the specific factual allegations that Ocean Point believes support the breach of contract allegation. Rather than pleading the facts necessary to support the counterclaim, Ocean Point hopes that the scattered shot from its shotgun might hit something.

**B. THE COUNTERCLAIM DOES NOT PLAUSIBLY ALLEGE THAT THE FIRST AMENDED COMPLAINT IS WITHIN THE SCOPE OF THE APA FORUM CLAUSE**

Ocean Point argues that Port Hamilton's First Amended Complaint is within the scope of the APA forum selection clause; but, that argument is premature. First, Ocean

4

Point must make factual allegations that support that claim. It is the counterclaim, not the opposition to the motion to dismiss, that must set forth the facts. *Pk Studios, Inc.* 2016 WL 6893935, at *2. Perhaps some of the points from Ocean Point's opposition, once converted to proper allegations in the counterclaim, will be sufficient to withstand a motion to dismiss. But until Ocean Point makes the allegations in the counterclaim, argument about whether Ocean Point can prevail on those assertions is premature.

Paragraph 8 of the counterclaim is a factual allegation quoting Section 11.9 of the APA. The quotation indicates that the APA applies to "Purchaser and Sellers." There are no factual allegations that indicate that Ocean Point is either a purchaser or seller. Instead, Ocean Point relies upon a bare-bone assertion in Paragraph 4 that "To the extent necessary, Ocean Point is a third-party beneficiary of the APA." But there are no factual allegations that plausibly show that third-party beneficiary status is "necessary" or otherwise show that Ocean Point is a third-party beneficiary.

Ocean Point also argues that Port Hamilton's claims are "indisputably" trace[d to] its claim of ownership of the disputed assets to the APA." Ocean Point Mem. in Opp. at 5. While it is true that *Port Hamilton*'s ownership comes from the APA, Port Hamilton's ownership is not in dispute. The simple fact is that *Ocean Point* has no claim of ownership from the APA because it *never* owned the assets it claims it owns. The APA does not convey property to Ocean Point and merely preserves any ownership interest that Ocean Point previously held. As alleged in the complaint, that interest was non-existent, because of failures in title that predated even the existence of the debtor, LBR. Ocean Point needs to put its factual assertions in the counterclaim, not

5

the opposition to a motion, so that those assertions can be tested under the proper pleading standard.

### C. OCEAN POINT DOES NOT ADDRESS ITS LACK OF STANDING

As described in Port Hamilton's memorandum in support of its motion, there are no allegations in the counterclaim that establish Ocean Point's standing to pursue the counterclaim. Ocean Point does not even mention standing in its opposition. Facts establishing standing must be plausibly pled in a counterclaim. *See, e.g. San Diego Unified Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 854, 865 (S.D. Cal. 2018) (holding that allegations in counterclaim were insufficient to plausibly support an element of standing [injury, in that case]).

### D. PORT HAMILTON AGREES THAT OCEAN POINT SHOULD BE GIVEN LEAVE TO CORRECT THE DEFICIENCIES IN ITS COUNTERCLAIM.

Port Hamilton agrees that Ocean Point should be given leave to amend its counterclaim to correct the deficiencies raised by Port Hamilton (including standing).

### CONCLUSION

Ocean Point's counterclaim should be dismissed for failure to plausibly plead a cause of action for breach of contract upon which relief can be granted. However, it should be given leave to amend its counterclaim to attempt to properly plead a breach of contract claim, including pleading facts showing that it has standing to pursue a breach of contract claim. Leave to amend should be limited to correcting the deficiencies and should not permit the addition of new theories.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**

                                        Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: July 10, 2024

                                        /s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

7