DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| PORT HAMILTON REFINING & TRANSPORTATION, LLLP, | § § § § | |
| Plaintiff, | § § | Case No. 1:24-cv-00004 |
| vs. | § § | |
| LIMETREE BAY TERMINALS, LLC *d/b/a* OCEAN POINT TERMINALS, *et al*., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION FOR
(I) REFERRAL TO THE BANKRUPTCY JUDGE PURSUANT TO RULE 5011-1 OF
THE LOCAL RULES OF THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION AND (II) RECONSIDERATION OF ORDER ENTERED
JULY 18, 2024, PURSUANT TO DISTRICT COURT LOCAL RULE 7.3(a)(3)**

Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("***Ocean Point***") files this *Memorandum of Law in Support of Omnibus Motion for (I) Referral to the Bankruptcy Judge Pursuant to Rule 5011-1 of the Local Rules of the District Court of the Virgin Islands Bankruptcy Division and (II) Reconsideration of Order Entered July 18, 2024, Pursuant to District Court Local Rule 7.3(a)(3)* (the "***Motion***") and states as follows:

**I.      MOTION FOR REFERRAL TO THE BANKRUPTCY JUDGE**

**A.      Introduction**

Ocean Point respectfully requests that the above-captioned action (this "***Action***") be referred to the Bankruptcy Judge pursuant to Rule 5011-1 of the Local Rules of the District Court of the Virgin Islands Bankruptcy Division (the "***Local Bankruptcy Rules***").  Ocean Point's *Notice of Removal* [D.I. 1] (the "***Removal Notice***") was filed under the caption of the Bankruptcy Division.  The first sentence of the Removal Notice states that Ocean Point removed the underlying

Superior Court action (the "***Removed Action***")[1] to the Bankruptcy Division under 28 U.S.C. § 1334 (entitled "Bankruptcy cases and proceedings") (the "***Bankruptcy Jurisdiction Statute***"), 28 U.S.C. § 1452 (entitled "Removal of claims related to bankruptcy cases") (the "***Bankruptcy Removal Statute***"), Bankruptcy Rule 9027 (regarding bankruptcy "Removal") and Local Bankruptcy Rule 5011-1 (entitled "Reference and withdrawal of the reference"), which directs as follows:

> Unless otherwise provided by Order of the District Court, all bankruptcy cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are automatically referred to the Bankruptcy Judge appointed or designated to sit in the United States Virgin Islands by the Third Circuit Court of Appeals pursuant to 28 U.S.C. §§ 152(a)(4) or 155 [(the "***Bankruptcy Judge***")].

As extensive briefing in this Action makes clear, this is a bankruptcy matter. The substantive legal and procedural issues under consideration are subject to the bankruptcy jurisdictional provisions of title 28 of the United States Code (the "***Judicial Code***"), title 11 of the United States Code (the "***Bankruptcy Code***"), the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and case law interpreting all of the foregoing. Although, for reasons discussed below, the Removal Notice was filed using the District Court's CM-ECF system, this is a bankruptcy matter that should automatically be referred to the Bankruptcy Judge in keeping with the Court's standing order of reference embodied in Local Bankruptcy Rule 5011-1.

**B.      Procedural Background**

**1.      The Removal Notice is Based on Bankruptcy Jurisdictional Provisions, Bankruptcy Rules and Related Case Law.**

On February 15, 2024, Ocean Point filed the Removal Notice. Because this Action arises in or is related to a case under the Bankruptcy Code, the Removal Notice was filed using the

---

[1] *Port Hamilton Refining & Transportation LLLP v. Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals, et al.*, Superior Court of the Virgin Islands, Division of St. Croix, Case No. SX-2023-CV-00441.

caption of the Bankruptcy Division (St. Croix).  The first sentence of the Removal Notice states as follows:

> Under 28 U.S.C. § 1452, Fed. R. Bankr. P. 9027, and Local Bankruptcy Rule 5011-1, Defendant [Ocean Point] removes, to the Bankruptcy Division of the District Court of the Virgin Islands [(the "***Bankruptcy Division***")], the civil action styled *Port Hamilton Refining & Transportation LLLP v. Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals, et al.*, Superior Court of the Virgin Islands, Division of St. Croix, Case No. SX-2023-CV-00441.

Removal Notice p. 1.

The Removed Action arises in or is related to a chapter 11 bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, *In re Limetree Bay Services, LLC, et al.*, Case No. 21-32351 (Bankr. S.D. Tex.) (the "***Texas Bankruptcy Case***").  Removal of a Virgin Islands Superior Court matter arising in or related to a Texas Bankruptcy Case presented a somewhat anomalous CM-ECF situation that required filing under the "Notice of Removal" event in the District Court's CM-ECF system (rather than in the Bankruptcy Division's separate CM-ECF system).  Although filed with the appropriate caption for the Bankruptcy Division and referencing bankruptcy statutes from the Judicial Code, the Bankruptcy Rules, and Local Bankruptcy Rules, certain subsequent filings have carried a District Court caption because this Action was initially assigned a District Court case number.

The Removal Notice shows that the Venue Requirement for removal was met under the Bankruptcy Removal Statute and Bankruptcy Rule 9027(a)(1).  Removal Notice p. 3. Likewise, removal was proper under the Bankruptcy Removal Statute because, among other things, the Court has jurisdiction under the Bankruptcy Jurisdiction Statute.  *Id.*

The Removal Notice states that subject matter jurisdiction exists under the Bankruptcy Jurisdiction Statute because the Removed Action arises in or is related to the Texas Bankruptcy

Case, supported by four judicial opinions issued in bankruptcy cases. *Id.* at p. 4.[2]  The Removal

Notice cites and complies with Bankruptcy Rule 9027(a)(1) regarding consent to final orders or

judgment by the Bankruptcy Division and Bankruptcy Rule 9027(b)-(c) concerning notice to

Plaintiff's counsel and filing a notice of removal with the Clerk of the Superior Court. *Id.*  The

Removal Notice concludes by stating, "Ocean Point respectfully removes the Removed Action to

the Bankruptcy Division." *Id.*

### 2.    The Venue Transfer Motion is Based on Bankruptcy Case Law Analyzing the Bankruptcy Venue Transfer Statute.

Contemporaneously with the Removal Notice, Ocean Point filed the *Motion to Transfer*

*Removed Action to the U.S. Bankruptcy Court for the Southern District of Texas* [D.I. 2] (the

"***Venue Transfer Motion***"), requesting that the Bankruptcy Division transfer this Action to the

United States Bankruptcy Court for the Southern District of Texas (the "***Home Court***").  The

Venue Transfer Motion was filed under a Bankruptcy Division caption and is governed, in large

part, by 28 U.S.C. § 1412, providing for transfer of venue of "a case or proceeding under title 11"

(the "***Bankruptcy Venue Transfer Statute***").  The Venue Transfer Motion thus relies on the

Bankruptcy Venue Transfer Statute and related interpretive case law.  Venue Transfer Motion pp.

4–7.[3]

---

[2] *In re Essar Steel Minnesota, LLC*, 47 F.4th 193, 199 (3d Cir. 2022) (recognizing that a case "requesting a bankruptcy court interpret and enforce its own sale orders '[is] a core proceeding because it require[s] the court to interpret and give effect to its previous sale orders'" (quoting *In re Allegheny Health Educ. & Research. Found.*, 383 F.3d 169, 174–76 (3d Cir. 2004)); *In re Christ Hosp.*, 502 B.R. 158, 185 (Bankr. D. N.J. 2013) (recognizing that a bankruptcy "court's jurisdiction to interpret and enforce its sale and confirmation orders" is "historic," "arising in," and "core"); *Martinez-Garcia v. FCA US LLC*, No. 1:18-CV-582, 2018 WL 10374703, at *2 (E.D. Tex. Dec. 20, 2018) (citing numerous cases and explaining that, "[b]ecause adjudication of this case requires interpretation and application of the [Master Transaction Agreement approved by the Bankruptcy Court], the case arises in or relates to a bankruptcy matter.")

[3] "[C]ourts within the Third Circuit routinely recognize a "presumption" that proceedings such as this one "should be tried in the 'home' court, namely the court where the bankruptcy case itself is pending." *See, e.g., Krystal Cadillac-Oldsmobile-GMC Truck, Inc. v. Gen. Motors Corp.*, 232 B.R. 622, 627-29 (E.D. Pa. 1999) (transferring claims "arising in" and "related to" a bankruptcy case to the "home" court where the

**3.    PHRT's Motion to Remand and Opposition to Motion to Transfer are Based on the Bankruptcy Jurisdiction Statute, Bankruptcy Rules and Related Interpretive Case Law.**

On April 5, 2024, Plaintiff Port Hamilton Refining & Transportation, LLLP ("**PHRT**") filed its *Motion to Remand* [D.I. 8] and a *Memorandum in Support of Motion to Remand* [D.I. 9] (collectively, the "**Remand Motion**").  Although Ocean Point vehemently disagrees with the merits of the Remand Motion, the Remand Motion, like PHRT's underlying complaint, sets forth a detailed discussion of the Sale Order[4] entered by the Home Court in the Texas Bankruptcy Case, under bankruptcy law.  Remand Motion at p. 5 ("LBR's assets were purchased by Port Hamilton as the successful bidder in a bankruptcy 363 sale."); and p. 6 (citing section VII of the Sale Order stating that the transfer of assets occurred "pursuant to sections 105(a), 363(b), 363(f) and 365(b) of the Bankruptcy Code.").

PHRT acknowledges in the Remand Motion–and does not challenge–that Ocean Point effected removal pursuant to Bankruptcy Rule 9027(a)(3).  Remand Motion at p. 1 ("Ocean Point removed this matter pursuant to [the] Federal Rule[s] of Bankruptcy [Procedure]").  The Remand Motion is centered on PHRT's (again, heavily disputed) arguments concerning (i) a bankruptcy court's jurisdiction to decide issues related to a bankruptcy case after confirmation of a chapter 11

---

bankruptcy case was pending); *Thomason Auto Grp., LLC v. China Am. Co-op. Auto., Inc.*, 2009 WL 512195, at *5 (D. N.J. Feb. 27, 2009) (holding that, under the "home court presumption," issues of remand or abstention should be decided by the home court); *Bank of Am., NT&SA v. Nickele*, 1998 WL 181827, at *6 (E.D. Pa. Apr. 16, 1998) (transferring proceedings "arising in" a bankruptcy case to the "home" court where the bankruptcy case was pending); *Hohl v. Bastian*, 279 B.R. 165, 177 (W.D. Pa. 2002) (holding that "the home court presumption provides that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts")."

[4] The "**Sale Order**" is the Home Court's *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief*, Case No. 21-32351, Dkt. No. 977 (Bankr. S.D. Tex. Dec. 21, 2021).

plan; (ii) mandatory abstention under the Bankruptcy Jurisdiction Statute (28 U.S.C. § 1334(c)(2)); and permissive abstention under the Bankruptcy Jurisdiction Statute (28 U.S.C. § 1334(c)(1)). Remand Motion, *passim*.

Also on April 5, 2024, PHRT filed the *Opposition to Motion to Transfer* [D.I. 10] (the "**Venue Transfer Opposition**"), which incorporates the bankruptcy-intensive arguments of the Remand Motion and sets forth an additional argument concerning bankruptcy jurisdiction.  Venue Transfer Opposition pp. 2–4.

### C.    This Action is a Bankruptcy Proceeding that Should Be Automatically Referred to the Bankruptcy Judge.

This District Court's Local Bankruptcy Rules direct that bankruptcy cases are automatically referred to the Bankruptcy Judge, unless otherwise ordered.  LBR 5011-1 ("Unless otherwise provided by Order of the District Court, all bankruptcy cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are automatically referred to the Bankruptcy Judge); *see also* LBR 1002-1 ("Pursuant to LBR 5011-1, all bankruptcy cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the Bankruptcy Judge appointed for or designated to sit in the United States Virgin Islands pursuant to 28 U.S.C. §§ 152(a)(4) or 155.").

Pursuant to 28 U.S.C. § 152(a)(4) the U.S. Court of Appeals for the Third Circuit (the "**Third Circuit**") is authorized to fill full-time bankruptcy seats for the District Court of the Virgin Islands.  To support situations where appointment of a full-time bankruptcy judge may not be warranted, 28 U.S.C. § 155(a) authorizes the transfer of a United States Bankruptcy Judge from one judicial district to serve temporarily as a bankruptcy judge in another district.  *Id.*  In addition, 28 U.S.C. § 332(d) provides authority for a U.S. Court of Appeals to temporarily transfer a U.S. Bankruptcy Judge to any judicial district.  *Vickers Assocs., Ltd. v. Urice* (*In re Jaritz Indus., Ltd.*),

151 F.3d 93, 102 (3d Cir. 1998) ("when the Third Circuit Judicial Council entered its order temporarily transferring [a U.S. Bankruptcy Judge] to the Virgin Islands to assist with the bankruptcy workload there, it was doing precisely what Congress intended to authorize and require when it adopted § 332(d)").

This Action is, unquestionably, a bankruptcy case that should be referred to the Bankruptcy Judge as set forth in Local Bankruptcy Rule 5011-1.  As detailed above:

- The Removed Action arises in or is related to the Texas Bankruptcy Case.

- Ocean Point's Removal Notice is entirely based on provisions of the Bankruptcy Removal Statute, the Bankruptcy Jurisdiction Statute, applicable Bankruptcy Rules and interpretive bankruptcy case law.

- Ocean Point's Motion to Transfer Venue is based in large part on the Bankruptcy Venue Transfer Statute and interpretive bankruptcy case law.

- PHRT's Remand Motion and Venue Transfer Opposition do not challenge that Ocean Point effected removal pursuant to Bankruptcy Rule 9027(a)(3), and both filings are centered on in-depth arguments concerning chapter 11 post-confirmation issues and mandatory and permissive abstention under relevant subsections of the Bankruptcy Jurisdiction Statute.

Rule 5011-1 of the District Court's Local Bankruptcy Rules is clear and unambiguous.  And, as shown above, this Action clearly arises in or is related to a bankruptcy case.  Ocean Point respectfully requests that this Action be referred to the Bankruptcy Judge.

## II.    MOTION FOR RECONSIDERATION OF ORDER ENTERED JULY 18, 2024 [D.I. 21] PURSUANT TO RULE 7.3(a)(3) OF THE LOCAL RULES

Ocean Point hereby respectfully requests that the Court reconsider the order entered July 18, 2024 [D.I. 21] (the "***Magistrate Referral Order***") pursuant to Rule 7.3(a)(3) of the Local Rules of Civil Procedure of the District Court of the Virgin Islands (the "***Local Rules***").

The Magistrate Referral Order states as follows:

It is hereby ORDERED that Plaintiff Port Hamilton Refining and Transportation, LLLP's [8] "Motion to Remand" is referred to United States Magistrate Judge Emile A. Henderson III for a Report and Recommendation. If a remand is not recommended for this matter, the Court further refers Defendant Ocean Point Terminals' [2] "Motion to Transfer" to Magistrate Judge Henderson for a Report and Recommendation. If neither a remand nor a transfer is recommended for this matter, the Court further refers Plaintiff's [16] "Motion to Dismiss Counterclaim" to Magistrate Judge Henderson for a Report and Recommendation.

*See* D.I. 21.

Local Rule 7.3(a)(3) provides that a motion to reconsider may be based on the need to correct clear error or prevent manifest injustice. LRCi 7.3(a)(3); *see also Newrez LLC v. Plaskett*, Case No. 2015-0070, 2024 U.S. Dist. LEXIS 27885, *3 (D.V.I. Feb. 18, 2024) (defining "clear error"); *George v. George*, Case No. 2012-98, 2015 U.S. Dist. LEXIS 27003, *4 (D.V.I. March 5, 2015) (defining "manifest injustice").

The District Court's promulgation of a standing order of reference in Rule 5011-1 of the Local Bankruptcy Rules reflects the strong policy supporting uniform application of bankruptcy law. Bankruptcy judges possess specialized knowledge and experience in bankruptcy issues and, thus, are uniquely situated to address bankruptcy matters. *See Schroeder v. Sullivan*, Case No. 1:07-cv-179-MD, 2011 U.S. Dist. LEXIS 163801, *5 (N.D. Miss. Aug. 16, 2011) ("The Supreme Court . . . sought clarification from the bankruptcy court regarding an unclear issue of federal bankruptcy law which was essential to the resolution of the [ ] issue. Clearly, the bankruptcy court was in a unique position to clarify this issue of federal law, and it is thus understandable that the Supreme Court would have sought its assistance in this regard."); *Encana Oil & Gas (USA) Inc. v. TSC Sieber Servs., L.C.*, Case No. 3:09-cv-1791-M, 2010 U.S. Dist. LEXIS 88362, *8 (N.D. Tex. Aug. 20, 2010) (bankruptcy judge's "special familiarity of bankruptcy law" strongly favored transfer of action); *Sabre Techs, L.P. v. TSM Skyline Exhibits, Inc.*, Case No. H-08-1815, 2008

U.S. Dist. LEXIS 98515, *36 (S.D. Tex. Sept. 18, 2008) ("Bankruptcy judges have a special familiarity with bankruptcy law, and thus are ideally suited to handle claims such as these, at least two of which are core bankruptcy proceedings, and the rest of which are related to the bankruptcy").

Respectfully, Ocean Point requests reconsideration of the Magistrate Referral Order in keeping with federal policy favoring bankruptcy adjudication by bankruptcy judges.  Indeed, this situation is akin to withdrawal of the reference, which generally is to be avoided where possible. "The policy promoting the uniform application of bankruptcy law . . . weighs against withdrawal. . . . Allowing the bankruptcy courts to consider complex questions of bankruptcy law . . . promotes a more uniform application of bankruptcy law." *Lehman Bros. Holdings, Inc. v. JPMorgan Chase Bank, N.A.* (*In re Lehman Bros. Holdings, Inc.*), 480 B.R. 179, 196–97 (S.D.N.Y. 2010) (quoting *Walker, Truesdall, Roth & Assocs. v. Blackstone Grp., L.P.* (*In re Extended Stay, Inc.*), 466 B.R. 188, 207 (S.D.N.Y. 2011)).

Ocean Point's request for reconsideration is made with utmost respect for the Court and in keeping with the policy underlying the District Court's standing order of referral as embodied in Local Bankruptcy Rule 5011-1.  This Action arises in or is related to a bankruptcy case that, for the sake of uniform application of bankruptcy law in the District of the Virgin Islands, should be referred to the Bankruptcy Judge.

WHEREFORE, for the reasons set forth herein, Ocean Point respectfully requests that the Court enter an Order (i) referring this Action to the Bankruptcy Judge, (ii) reconsidering and vacating the Magistrate Referral Order, and (iii) granting to Ocean Point such other and further relief as is appropriate.

Respectfully submitted,

**REED SMITH LLP**

Dated:  August 1, 2024        By:    /s/ *Mark W. Eckard*
                                      Mark W. Eckard (1051)
                                      1201 N. Market Street, Suite 1500
                                      Wilmington, DE  19801
                                      Telephone:  (302) 778-7546
                                      Facsimile:  (302) 778-7575
                                      Email:  MEckard@ReedSmith.com

                                      Counsel to Limetree Bay Terminals, LLC *d/b/a*
                                      Ocean Point Terminals