IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING AND TRANSPORTATION, LLLP, <br><br> PLAINTIFF, <br><br> V. <br><br> LIMETREE BAY TERMINALS, LLC, <br><br> DEFENDANT. | CASE NO. 1:24-CV-00004 |

**PORT HAMILTON'S MOTION TO RECONSIDER ORDER DIRECTING TRANSFER OF CASE (DOC. NO. 24)**

Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") moves to reconsider this Court's order (Doc. No. 24) transferring this matter to the Southern District of Texas and denying Port Hamilton's motion to remand because the Bankruptcy Division of the Southern District of Texas recently rendered a decision interpreting the Sale Order and abstaining from deciding the territorial law ownership issues. *See* Exhibit 1. As such, it is clear that a transfer of the case is no longer appropriate.

**STANDARD FOR RECONSIDERATION**

As the Court stated in its Memorandum Opinion (Doc. No. 25), "[t]o prevail on a motion for reconsideration, a party must show (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct clear error of law or fact or to prevent

manifest injustice." Here, because the "Home Court" has already elected to refrain from deciding issues of territorial law, it would be manifest injustice to transfer the case to that court, given that the Home Court has already abstained from deciding the remaining issues in the case.

### ARGUMENT

After Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point") filed the motion to transfer in this case (Doc. No. 2), it filed in the Bankruptcy Division of the Southern District of Texas a motion (Doc. No. 1755 in Case No. 4:21-bk-32351 in that court) to enforce the bankruptcy Sale Order. Essentially, Ocean Point was seeking to have that court (the "Home Court") decide the merits of Port Hamilton's ownership claims that are based upon Virgin Islands law. That court recently ruled on Ocean Point's motion (Exhibit 1) and agreed with Port Hamilton that

- the bankruptcy Sale Order (a) did not determine ownership of Above-Grade Refinery Assets and merely preserved existing ownership of those assets (if any); and (b) transferred assets owned by Limetree Bay Refining, LLC to Port Hamilton as the buyer but did not transfer assets owned by Ocean Point; and
- it should "abstain[] from hearing any argument between Ocean Point and the Purchaser [Port Hamilton] relating to underlying ownership rights of any assets or shared services systems." Exhibit 1 at 5.

In other words, the "Home Court" determined that the bankruptcy court case was not determinative of the ownership claims made by Port Hamilton and left those issues of territorial law to be decided by the courts of the Virgin Islands.

Given that the Court to which this matter has been transferred (by virtue of the

Order subject to this motion to reconsider) has already determined that it will not hear issues of Virgin Island law (and has resolved the only issue relating to interpretation of the Sale Order), it would be a manifest injustice to transfer this matter to the Southern District of Texas for determination of such issues when that court has already concluded that it should abstain from same.

For the foregoing reasons, Port Hamilton respectfully submits that this Court should reconsider its Order and:

1. Vacate the Order (Doc. No. 24);
2. Deny the motion to transfer (Doc. No. 2) as moot;
3. Reach the merits of Port Hamilton's motion to remand (Doc. No. 8); and
4. if it denies the motion to remand, reach the merits of Port Hamilton's motion to dismiss (Doc. No. 16).

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.**,
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: September 30, 2024

/s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com