United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 21-32351 |
| LIMETREE BAY SERVICES, LLC, *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

**ORDER (I) PARTIALLY GRANTING OCEAN POINT'S
MOTION TO ENFORCE THE SALE ORDER AND (II) PARTIALLY
DENYING PORT HAMILTON REFINING & TRANSPORTATION,
LLLP'S MOTION FOR AN ORDER ABSTAINING FROM
DETERMINING U.S. VIRGIN ISLANDS PROPERTY DISPUTE
(RE: ECF NOS. 1755, 1767)**

In December 2021, the Bankruptcy Court entered the Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief ("**Sale Order**") (ECF No. 977). Under the Sale Order, the Sellers sold assets to Purchaser under a certain Asset Purchase Agreement dated December 21, 2021 ("**APA**").

The parties to the APA are certain Limetree entities, including Limetree Bay Refining, LLC ("**LBR**"), as "**Sellers**," and Port Hamilton Refining & Transportation, LLLP and West Indies Petroleum Limited, as the "**Purchaser**." Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("**Ocean Point**") is not a party to the APA. The Sale Order is a final, non-appealable order.

In May 2022, the Bankruptcy Court entered an order confirming the Debtors' Chapter 11 Plan of Liquidation ("**Confirmation Order**") (ECF No. 1454). The effective date of the Plan occurred in June 2022.

Two years later, in February 2024, Port Hamilton sued Ocean Point in the Superior Court of the Virgin Islands. *Port Hamilton Refining & Transportation LLLP v. Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals*, No. SX-2023-CV-00441 (Super. Ct. V.I.).

**Exhibit 1**

Port Hamilton seeks findings that:

- The sale to the Purchaser under the Sale Order was free and clear of any claims of ownership by Ocean Point, regardless of any claim by Ocean Point for ownership of improvements on the real property or ownership of above-grade refinery assets ("**AGRA**").

- The Sale Order potentially reserved interests owned by Ocean Point, but there were no Ocean Point ownership interests to preserve.

- Port Hamilton and its invitees have a right of access across roads on Ocean Point property (with no requirement of waiving rights against Ocean Point) because of easements, right-of-use agreements, and the Sale Order.

- Port Hamilton has an absolute right to access its property even though doing so requires its employees and contractor employees to cross Ocean Point property. Ocean Point has no right to prevent Port Hamilton or its contractors from accessing Port Hamilton's property, even though a portion of the access is over Ocean Point property, as long as those individuals meet the security requirements of the federal government.

- Ocean Point's claimed interest in a certain Shared Services Systems Agreement ("**SSSA**"), which purportedly grants Ocean Point a property interest in real property or systems purchased by the Purchaser, is unenforceable under applicable law.

In response, Ocean Point filed a motion with the Bankruptcy Court to enforce the Sale Order against the Purchaser and their affiliates (ECF No. 1755) ("**Ocean Point Motion**"). Ocean Point seeks entry of an order finding that:

- The Purchaser agreed and the Court ordered, adjudged, and decreed that the LBT Entities (as defined in the Sale Order, and includes Ocean Point) held, as of December 21, 2021, an undivided interest of the shared services systems;

- Neither LBR nor its affiliated Debtors had authority or power to sell the LBT Entities' undivided interest of the shared services systems under the Sale Order or the APA;

- The Purchaser did not acquire the LBT Entities' undivided interest of the shared services systems in the sale;

2

**Exhibit 1**

- Although Port Hamilton acquired the Debtors' undivided interest of the shared services systems in the sale, it did so without prejudice to the LBT Entities' easements, rights of use, and rights under any agreements, which were expressly reserved and preserved in the Sale Order; and

- None of the property acquired by the Purchaser in the sale was acquired free and clear of the rights of the LBT Entities.

Port Hamilton opposed the Ocean Point Motion (ECF No. 1766). Port Hamilton also filed another motion asking the Bankruptcy Court to abstain from hearing the Ocean Point Motion under 28 U.S.C. § 1334 (ECF No. 1767) ("**Motion to Abstain**").

Even after entry of the Confirmation Order, the Bankruptcy Court maintains jurisdiction to construe its own orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *Grossman v. Belridge Grp.* (*In re Lothian Oil, Inc.*), 531 F. App'x 428, 436 n.9 (5th Cir. 2013). Thus, there is no basis for the Bankruptcy Court to mandatorily abstain from construing the Sale Order and any other order of the Court. The Bankruptcy Court also declines to exercise permissive abstention and instead makes certain findings about the Sale Order. The Sale Order says, among other things:

- The Debtors were authorized to sell to the Purchaser any undivided interest of shared services systems the Debtors owned. Notwithstanding anything to the contrary in the Sale Order or the APA, nothing authorized, permitted, or was deemed to authorize or permit, the Debtors to sell, transfer or assign to the Purchaser or any other party any non-debtor assets, including, the LBT Entities' undivided interest of shared services systems, any real property owned by the LBT Entities, or the rights of the LBT Entities under any permits. ¶31.

- Except as expressly permitted or otherwise specifically provided for in the APA or the Sale Order, under §§ 105(a), 363(b), 363(f), and 365(b) of the Bankruptcy Code, upon the closing, the "Purchased Assets" would be transferred to Purchaser free and clear of any Liens, Claims, and Interests (as defined in the Sale Order). ¶9.

- Notwithstanding anything to the contrary in the Sale Order or the APA, (i) no agreements between the Debtors and the LBT Entities, including the SSSA, were being assumed or assumed and assigned; and (ii) nothing in the Sale Order or the APA authorized the Debtors to

3

**Exhibit 1**

> transfer any rights under the SSSA to the Purchaser or any other party; provided, that, the Debtors could transfer to the Purchaser the assignment of ingress and egress easement as well as any other access easements on the subject refinery/terminal property held by [LBR], <u>if any</u>…. ¶33.
>
> - Nothing in the Sale Order or the APA required the LBT Entities or the Purchaser to provide any service to the Purchaser, including under the SSSA. ¶33.
>
> - Nothing in the Sale Order waived any rights of the LBT Entities or the Debtors under or with respect to the SSSA or the rights of the Debtors, the LBT Entities, or the Purchaser with respect to potential assumption or assumption and assignment of the SSSA under § 365 of the Bankruptcy Code. ¶33.
>
> - The LBT Entities and the Purchaser could continue to use and benefit from easements and rights of use or access after closing in accordance with the SSSA. ¶34.

Thus, the Sale Order authorized the Sellers—under the APA and subject to certain express exceptions—to sell their undivided interests in the purchased assets to the Purchaser free and clear of all liens and claims held by third parties. But the Sale Order did not authorize the Debtors to sell any of Ocean Point's interest in any asset, including any AGRA. The Debtors were not authorized to sell assets or interests in assets they did not own. If the Debtors did not own an undivided interest in an asset, including AGRA, such interest was not sold to Purchaser under the Sale Order. Thus, any claim by Port Hamilton that it owns Ocean Point's interest in an asset because of the APA or the Sale Order is incorrect.

The Sale Order also does not recognize or determine the extent of Ocean Point's interest in any property, including the SSSA or a shared services system. Ocean Point's right to assert an ownership interest, and any challenges to the validity of such interests, were preserved under the Sale Order. Thus, any claim by Ocean Point that the Sale Order found, ordered, or decreed that Ocean Point held an interest in any property, including any AGRA, is also incorrect.

The Bankruptcy Court partially grants the Ocean Point Motion and partially denies the Motion to Abstain. Neither LBR nor its affiliated Debtors had the authority or power to sell the LBT Entities' undivided interest of the shared services systems, if any, under the Sale Order or the APA. The Purchaser did not acquire any undivided interest of the shared services systems held by the LBT Entities in the sale. And Port Hamilton acquired the Debtors' undivided interest of the shared services systems in the sale, but it did so without prejudice to the LBT

**Exhibit 1**

Entities' easements, rights of use, and rights under any agreements, if any, which were expressly reserved and preserved in the Sale Order.

The Court abstains from hearing any argument between Ocean Point and the Purchaser relating to underlying ownership rights of any assets or shared services systems.

Signed: September 16, 2024

Christopher Lopez
United States Bankruptcy Judge

5

**Exhibit 1**