DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **PORT HAMILTON REFINING AND TRANSPORTATION, LLLP,** ) ) ) **Plaintiff/Counter Defendant,** ) ) ) v. ) ) **LIMETREE BAY TERMINALS, LLC,** ) ) **Defendant/Counter Claimant** ) ) ) | Civil Action No. 2024-0004 |

**Attorneys:**
**Andrew C Simpson, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Mark W. Eckard, Esq.**
Wilmington, DE
    *For Defendant*

## ORDER

THIS MATTER comes before the Court on Plaintiff/Counter Defendant Port Hamilton Refining and Transportation, LLLP's ("Port Hamilton") Motion for Reconsideration (Dkt. No. 26).[1] Port Hamilton requests, *inter alia*, that the Court reconsider and vacate its Order dated September 30, 2024. (Dkt. No. 26 at 3). In that Order, the Court, *inter alia*, transferred this action to the Southern District of Texas—the home court of the underlying bankruptcy proceeding—for the ultimate determination of whether bankruptcy jurisdiction exists. (Dkt. No. 24 at 2). Port

---

[1] Defendant/Counter Claimant Limetree Bay Terminals, LLC has filed a "Notice of Intent to Oppose" (Dkt. No. 27), indicating that it intends to oppose Port Hamilton's Motion for Reconsideration. *Id.* at 1-2. The Court has determined that consideration of this forthcoming opposition is not necessary to resolve Port Hamilton's Motion.

Hamilton contends that manifest injustice will result from a transfer because, in Port Hamilton's view, the United States Bankruptcy Court for the Southern District of Texas has "abstained from deciding the remaining issues in this case" and has "already determined that it will not hear issues of Virgin Island[s] law." (Dkt. No. 26 at 1-3); *see also* (Dkt. No. 26-1) (Order issued by the United States Bankruptcy Court for the Southern District of Texas in a related dispute between the parties indicating that it will abstain from hearing any argument "relating to underlying ownership rights of any assets or shared services systems").

The Court finds that no manifest injustice will result from the transfer. The Court is transferring this action to the Southern District of Texas so that the home court of the underlying bankruptcy proceedings can determine whether it has and will retain jurisdiction over this matter, or whether some other disposition is appropriate.[2] Whatever the result, it remains the view of this Court that it is for the home court to decide.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Port Hamilton's Motion for Reconsideration (Dkt. No. 26) is **DENIED**.

**SO ORDERED**.

Date: October 3, 2024                               _____/s/_____
                                                    WILMA A. LEWIS
                                                    District Judge

---

[2] As the Court previously noted in its Memorandum Opinion dated September 30, 2024 (Dkt. No. 25), "the Court's transfer 'simply determines which court should make the ultimate decision as to forum' and 'does not foreclose the possibility that this case will be remanded to state court.'" *Id.* at 8 (quoting *Fire Ground Techs., LLC v. Hometown Restoration, LLC*, Civil Action No. 21-19915, 2022 U.S. Dist. LEXIS 87589, at *7-8 (D.N.J. May 16, 2022)).